The ORDER AMENDING DECISION REGARDING MOTIONS TO
DISMISS SECOND AMENDED COMPLAINT below is hereby
signed.  Dated: September 26, 2006.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                              )
                                   )
GREATER SOUTHEAST COMMUNITY        )   Case No. 02-02250
HOSPITAL CORP. I, et al.,          )   (Chapter 11)
                                   )   (Jointly Administered)
            Debtors.               )
_____)
                                   )
SAM J. ALBERTS, TRUSTEE FOR        )
THE DCHC LIQUIDATING TRUST,        )
                                   )
            Plaintiff,             )
                                   )   Adversary Proceeding No.
      v.                           )   04-10459
                                   )
PAUL TUFT, et al.,                 )
                                   )
            Defendants.            )
```

ORDER AMENDING DECISION REGARDING
MOTIONS TO DISMISS SECOND AMENDED COMPLAINT

It is

ORDERED that the court's Decision Regarding Motions to Dismiss Second Amended Complaint (D.E. No. 251, entered September 21, 2006) is AMENDED as set forth in the pages that follow.

[Signed and dated above.]

Copies to: All counsel of record.

XIII,[73] and the objections in Counts XIV and XV based on § 502(d) in conjunction with § 548 will be dismissed in their entirety, but counts VIII-XI (seeking avoidance and recovery under 11 U.S.C. §§ 544 and 550) will not be dismissed.  Counts XIV-XV will not be dismissed to the extent of Alberts's equitable subordination claims and § 502(d) objections to claims based on avoidability under § 544.[74]

### III

In light of the foregoing analysis, the court will grant in part and deny in part the defendants' motions to dismiss.  As Count I is the only count levied against Susan Engelhard and the court has concluded that it fails to state a claim against her, the court will dismiss the Second Amended Complaint in its entirety with respect to her.  Similarly, the court will dismiss the Second Amended Complaint with respect to Rebecca Parrett based on the terms of the Settlement Agreement between the debtors and the NCFE Entities.  Finally, the court will stay Count II with respect to Melvin Redman unless and until Alberts

---

[73] Count XIII is not limited to conveyances avoided under § 548, but Counts IX and XI already seek recovery of conveyances avoided under § 544.  Accordingly, Count XIII will be dismissed as surplusage to the extent it addresses conveyances avoided under § 544.

[74] Alberts's claims for equitable subordination and disallowance under § 502(d) are unaffected by the affirmative defense of in pari delicto; however, objections to claims in Counts XIV and XV based solely on the Law Firm Defendants' alleged malpractice will be dismissed.

successfully moves for relief from the automatic stay in Redman's bankruptcy case.

    An order follows.

                                          [Signed and dated above.]


Copies to: All counsel of record.

91

O:\Andrew Fausett Temp Docs\Decisions with Related Orders\Alberts v. Tuft (In re Greater Southeast Community Hospital Corp., r)\GSCH_Alberts v. Tuft_motion to dismiss_RAC_decision_final).wpd